United States Bankruptcy Court

Eastern District of Pennsylvania

In re:   Case No. 19-12098-elf
Angel L. Granby   Chapter 13
    Debtor(s)

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Nov 20, 2020 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Angel L. Granby, 840 Kenmore Road, Philadelphia, PA 19151-3311 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2020    Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 20, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| KEVIN G. MCDONALD | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com |
| LEON P. HALLER | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) lhaller@pkh.com dmaurer@pkh.com;mgutshall@pkh.com |
| REBECCA ANN SOLARZ | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com |
| RONALD G. MCNEIL | on behalf of Debtor Angel L. Granby r.mcneil1@verizon.net |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER Esq. ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com philaecf@gmail.com |

District/off: 0313-2　　　　　　　　　　　　　　User: Adminstra　　　　　　　　　　　　　　Page 2 of 2
Date Rcvd: Nov 20, 2020　　　　　　　　　　　　Form ID: pdf900　　　　　　　　　　　　　Total Noticed: 1
TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Angel L. Granby aka Angel L.M. Livingston<br><br>_Debtor_<br><br>U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY)<br><br>_Movant_<br>vs.<br><br>Angel L. Granby aka Angel L.M. Livingston<br><br>_Debtor_<br><br>William C. Miller, Esquire<br><br>_Trustee_ | CHAPTER 13<br><br><br>NO. 19-12098 ELF<br><br><br><br>11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$16,966.52,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2019 to September 2019 at $901.00/month |
| | October 2019 to November 2020 at $814.00/month |
| Late Charges: | May 2019 to October 2020 at $14.64/month |
| Suspense Balance: | $229.00 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$16,966.52** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

   a) Debtor shall obtain a permanent modification by March 1, 2021.

3. Additionally, beginning on December 1, 2020, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 11, 2020           By: /s/ Rebecca A. Solarz, Esquire
                                          Attorney for Movant

Date: Nov 16, '20

_____
Ronald G. McNeil, Esquire
Attorney for Debtor

Date: *November 18, 2020*

*/s/ LeRoy W. Etheridge, Esquire, for\**
William C. Miller, Esquire
Chapter 13 Trustee

*\*No objection to its terms, without prejudice to any of our rights and remedies*

**O R D E R**

Approved by the Court this 19th day of November, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank